UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT #_____
AMOUNT $ 150-00
SUMMONS ISSUED ✓
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. CMG
DATE 5-18-04

NILTON DEPINA ppa )
MARIA DEPINS )
   Plaintiff )
)
v. )
)
DANIEL MATUKAS )
   Defendant )
)

04 - 11000 WGY

COMPLAINT AND
JURY DEMAND

MAGISTRATE JUDGE _____

## NATURE OF THE CLAIM

This is a civil action for damages brought on behalf of Nilton DePina, a minor, by his parent and next friend, Maria DePina, against Daniel Matukas, a police officer of the City of Brockton Police Department. Nilton DePina seeks to redress violations of his constitutional, statutory and common law rights arising out of events which occurred on or around July 23, 2003.

## JURISDICTION

This action is brought pursuant to 42 U.S.C. sections 1983 and 1988 for violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. sections 1331 and 1343. The Court has jurisdiction over all state law claims under 28 U.S.C. 1367.

## PARTIES

1.  Plaintiff, Nilton DePina, (hereinafter, "DePina"), resides in Brockton, Massachusetts and, at all times material to this Complaint, was a resident of Plymouth County. Nilton DePina is presently a minor child and this action is brought on his behalf by his mother, Maria DePina

1

2.      Defendant, Daniel Matukas, (hereinafter, "Matukas"), was, at all times material to this complaint, a duly appointed police officer of the City of Brockton acting in his official capacity and a public employee within the meaning of M. G. L. Ch. 258. He is sued both individually and in his official capacity.

3.      At all times material to this complaint, Matukas were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and the City of Brockton.

## FACTUAL ALLEGATIONS

4.      On July 23, 2003, at around noon, DePina was inside Westgate Lanes a bowling alley in the City of Brockton, to which he had gone with several friends.

5.      The bowling alley was reasonably busy and loud music was playing through the speakers.

6.      While he was at the refreshment and game area, DePina was approached by Matukas, who after a brief verbal exchange, shoved him with sufficient force to cause him to fall backwards, striking his head against one of the tables and causing him to experience pain in his neck.

7.      After a second brief verbal exchange, Matukas grabbed DePina, yanked his left arm behind his back, arrested, handcuffed and escorted him out of the bowling alley and towards his police cruiser all the while applying great force to DePina's left wrist.

8.      When they arrived at the police cruiser Matukas again subjected DePina to great physical force by yanking his left arm while pushing his head down and shoving him into the cruiser. The force applied by Matukas to DePina's left was so great as to fracture it.

9.      Despite the complete absence of any wrongdoing on his part, DePina was taken to the

Brockton Police Station where he was booked and then transported to Court without benefit of a telephone call, even to one of his parents.

10. DePina was eventually transported to the Brockton Juvenile Court where he was arraigned on misdemeanor charges of disorderly conduct and disturbing the peace. He was then turned over to the Department of Youth Services where he was held for the arrival of one of his parents..

11. The aforesaid criminal charges were false and spurious and were sworn out against DePina in order for Matukas to cover up his wrongdoing and attempt to avoid civil liability for his misconduct.

12. DePina was prosecuted and, after a jury-waived trial in the Brockton Juvenile Court, was acquitted of the charges. Matukas was the only witness for the Commonwealth.

## COUNT 1- VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS

13. DePina repeats the facts alleged in paragraphs 1 - 12 above, thereby incorporating them by reference herein.

14. Matukas, in violation of 42 U.S.C. sec. 1983, intentionally, with deliberate indifference and/or negligently deprived or caused DePina to be deprived of rights and privileges secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the United States including but not limited to the right of:

    a) Freedom from the use of excessive and unreasonable force.

    b) Freedom from the deprivation of liberty without due process of law.

    c) Freedom from arrest and detention without a warrant or probable cause.

    d) Freedom from malicious prosecution.

15. As a direct and proximate result thereof, DePina suffered great pain of body and anguish

of mind, lost time from school, suffered an impairment to his earning capacity, suffered emotional distress, was compelled to spend substantial sums for his defense and was otherwise greatly damaged.

### COUNT 2- VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT

16. DePina repeats the facts alleged in paragraphs 1 - 12 above, thereby incorporating them by reference herein.

17. Matukas, in violation of M.G.L. Ch. 12, sec. 111, interfered or attempted to interfere by threats, intimidation or coercion with Depina's exercise and enjoyment of rights secured under the Constitution and laws of both the Commonwealth of Massachusetts and United States.

18. As a direct and proximate result thereof, DePina suffered great pain of body and anguish of mind, lost time from school, suffered an impairment to his earning capacity, suffered emotional distress was compelled to spend substantial sums for his defense and was otherwise greatly damaged

### COUNT 3- ASSAULT AND BATTERY

19. DePina repeats the facts alleged in paragraphs 1 .12 above, thereby incorporating them by reference herein.

20. Matukas' use of excessive and unnecessary force against DePina constituted an assault and battery.

21. As a direct and proximate result thereof, DePina suffered great pain of body and anguish of mind, lost time from school, suffered emotional distress and was otherwise greatly damaged

### COUNT 4- FALSE ARREST

22. DePina repeats the facts alleged in paragraphs 1 -12 above, thereby incorporating them

by reference herein.

24. Matukas falsely arrested DePina without a warrant or probable cause.

25. As a direct and proximate result thereof, DePina suffered emotional distress, was compelled to spend substantial sums for his defense and was otherwise greatly damaged

## COUNT 5 -FALSE IMPRISONMENT

26. DePina repeats the facts alleged in paragraphs 1-12 above, thereby incorporating them by reference herein.

27. Matukas caused DePina to be falsely imprisoned without justification or excuse.

28. As a direct and proximate result thereof, DePina suffered emotional distress and was otherwise greatly damaged

## COUNT 6- MALICIOUS PROSECUTION

29. DePina repeats the facts alleged in paragraphs 1-12 above, thereby incorporating them by reference.

30. The aforesaid conduct constitutes a malicious prosecution by Matukas.

31. As a direct and proximate result thereof, DePina suffered emotional distress, was compelled to spend substantial sums for his defense and was otherwise greatly damaged

## COUNT 7-iNFLICTION OF EMOTIONAL DISTRESS

32. DePina repeats the facts alleged in paragraphs 1-12 above, thereby incorporating them by reference herein.

33. Matukas' conduct was extreme, outrageous, and intolerable in a civilized society.

33. As a direct and proximate result thereof DePina suffered severe emotional distress and

was otherwise greatly damaged.

## PRAYER FOR RELIEF

DePina prays that this Court:

a)  Enter judgment in his favor against Matukas on each and every Count of this Complaint;

b)  Award him compensatory damages, and;

c)  Award punitive damages: and;

d)  Award him the costs of this action, including reasonable attorney fees pursuant to 42 U.S.C. 1988 and/or M.G.L. Ch. 12 §11 and;

e)  Award costs and interest, and;

f)  Award such other and further relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

Andrew Stockwell-Alpert
109 State Street
Boston, MA 02109
(617) 720-4244
B.B.O. #481190